## H. H. BLAIR

*v.*

## THE PEOPLE *ex rel.* Lester Barber.

*Opinion filed October 19, 1899.*

1. MUNICIPAL CORPORATIONS—*when mayor pro tem cannot appoint city marshal.* A city council having power to elect one of its number mayor *pro tem* during a temporary absence or disability of the mayor, is not authorized to do so, and thus confer upon him the mayor's power to appoint a city marshal, merely because of the mayor's inability to attend a meeting of the city council on account of illness, although in the city and not disabled from acting as mayor generally.

2. QUO WARRANTO—*what not material in quo warranto.* In *quo warranto* to determine the title of the respondent to a municipal office it is immaterial whether any other person has title to the office or not.

*People ex rel.* v. *Blair,* 82 Ill. App. 570, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

A. B. COON, E. D. SHURTLEFF, and BOTSFORD, WAYNE & BOTSFORD, for appellant.

V. S. LUMLEY, State's Attorney, and R. K. WELSH, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

In pursuance of leave granted, an information in the nature of a *quo warranto* was filed in the circuit court of McHenry county, on the relation of Lester Barber, mayor of the city of Marengo, against appellant, H. H. Blair, demanding that said defendant make answer to the People by what warrant he claimed to hold and execute the office of city marshal of said city. The defendant ap-

peared and by his plea claimed title to the office by vir-
tue of the proceedings at a meeting of the city council
of said city, at which W. S. Eshbaugh, an alderman, was
elected mayor *pro tem* and appointed him city marshal,
which appointment was confirmed by the city council
and under which appointment he qualified. The People
demurred to this plea as not setting out a good title to
the office, and the court having overruled their demurrer,
they stood by it. The court thereupon found the issues
for the defendant and entered judgment for costs against
the relator. On appeal the Appellate Court reversed said
judgment and remanded the cause to the circuit court,
with directions to sustain the demurrer to the plea and
to enter judgment of ouster against the defendant.

The city of Marengo was organized August 14, 1893,
under the general law for the incorporation of cities and
villages, and defendant's plea alleges that on May 7, 1895,
in pursuance of said law, an ordinance was passed creat-
ing the office of city marshal, and providing for appoint-
ment by the mayor, with the approval of the city council,
and that this ordinance was in force August 2, 1898, when
the proceedings were had under which he claimed title to
the office. His plea admitted that the mayor was present
in the city of Marengo at the time of said proceedings,
and the only averment of fact offered as a basis for the
action of the city council in electing one of its number
mayor *pro tem* is the following: "And this respondent
avers that the mayor of said city was temporarily absent
from the said meeting during the entire time of the said
meeting, and the said mayor was disabled from sickness
from attending the said meeting." The question raised
by this averment is whether the condition mentioned in
the statute, under which a city council has a right to elect
a mayor, existed. If the condition did not exist the coun-
cil had no right to elect Eshbaugh mayor, and he had no
more power of appointment than any other alderman or
citizen.

Article 2 of the act under which the city of Marengo was organized relates to the office of mayor, and it provides that he shall be the chief executive officer of the city. Sections 2, 3, 4 and 5 provide for filling that office when there is a vacancy, either temporary or permanent. By section 2 a vacancy, when the unexpired term is one year or over, is to be filled by an election, and by section 3, if the vacancy is less than one year, the city council is authorized to elect the mayor. Section 5 provides that if the mayor shall remove from the limits of the city his office shall become vacant, and section 4, under which the defendant claims, is as follows: "During a temporary absence or disability of the mayor the city council shall elect one of its number to act as mayor *pro tem,* who, during such absence or disability, shall possess the powers of mayor." A mayor, as the chief executive officer of the city, has numerous powers and duties beside the duty of presiding at meetings of the city council. He may be temporarily absent from such a meeting or temporarily disabled from attending it, and still be in the city exercising the other functions of his office and under no disability which would prevent him from performing his other duties. If he is present in the city and not disabled generally from acting as mayor, but is unable to attend a meeting of the city council, the statute expressly provides for such a contingency. Article 3 of said act treats of the city council, its membership, government and proceedings. Section 6 of article 2 provides that the mayor shall preside at all meetings of the city council, but section 10 of article 3, for the purpose of providing a chairman in his absence, gives the council permission to elect a temporary chairman if he is not present. In the case of mere absence from a meeting of the city council this provision is designed to govern. Taking these sections together, it seems plain that section 4 has no reference to absence from a meeting of the city council or inability to attend such meeting. The appointment of a city marshal is not

a function of the chairman of the city council, but under
the ordinance the power is in the mayor, and he could
make an appointment without being present at any meet-
ing of the council. It would certainly be a proper method
to send such an appointment, in writing, to the council.
The plea admits that the mayor was present in the city,
and does not allege that he was not performing, or was
disabled from performing, every duty of his office except
that of presiding at this particular meeting. He was the
mayor, and his office was not vacant, temporarily or oth-
erwise, and the legislature certainly never contemplated
that there might be two persons filling that office at the
same time and asserting a right to discharge its duties
in opposition to each other. The absence referred to in
the statute is not mere absence from the council chamber
while in some other part of the city and acting as chief
executive, but it is absence from the city for such a length
of time as would reasonably call for the appointment of
a mayor in his place, or disability to act in the capacity
of mayor generally. The mayor, and not the council, is
given the power to select a city marshal for the city of
Marengo. He is chosen by the electors of the entire city
and is supposed to have the interests of the people at
heart. There is no presumption in favor of the council
and against the mayor that he will neglect the affairs
and interests of the city and disregard its welfare. The
plea does not show the existence of the conditions spe-
cified in the statute, which authorized the city council
to create a mayor for the city.

The plea also sets out at length an ordinance of the
city relating to the city marshal, passed before the re-
organization under the general law, and proceedings,
from which it appears that Joseph Dunwoody was ap-
pointed and confirmed as city marshal May 11, 1897, and
claimed the office, and it sets up alleged defects in his
title to the office for the purpose of showing that there
was a vacancy when defendant was appointed. It is not

necessary to consider any question of that kind. Whether the office was vacant or not, the attempted appointment of defendant was illegal and void and he has no title to the office. As he has none, it is immaterial whether any other person has or not. Under the statute Dunwoody might have been made a party and his right also settled, but that was not done.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*